[No. 7,102. Department One.—November 6, 1884.]

W. F. WHITTIER ET AL., APPELLANTS, *v.* A. C. DIETZ, RESPONDENT.

TRADE MARK—RIGHT TO EXCLUSIVE USE—RECORDING WITH THE SECRETARY OF STATE.—Since the adoption of the codes, no one can acquire the exclusive right to the use of a name or trade mark in this State, except by filing it for record with the Secretary of State, as provided by section 3197 of the Political Code.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts sufficiently appear in the opinion of the court.

*Wheaton & Scrivner*, for Appellants.

*J. L. Boone*, for Respondent.

McKINSTRY, J.—No points have been filed on the part of respondent.

We think the device alleged to have been used by defendant is not such a colorable imitation of the plaintiff's label as could deceive. (*Falkinburg* v. *Lucy*, 35 Cal. 52.) No one, since the codes went into operation, can acquire the exclusive use of a name or trade mark in this State, except by filing it for record with secretary of state. (Pol. Code, 3197.) Section 3199 only provides that one may become the owner of a name or

trade mark who has first adopted, recorded and used it—whether first used within or beyond the limits of the State. Only by making the clause "within or beyond the limits of the State" relate to the *use* of the name or trade mark, can effect be given to the word "recorded" in the same section. What is a legal *record* of a trade mark in another State? It is manifest the record referred to is the record in the office of the secretary of state. *Derringer* v. *Plate,* 29 Cal. 292, was decided before the codes, and turned in part upon the point that the Act of 1863 provided that the counterfeiting of a trade mark should be a *misdemeanor,* punishable as such, and thus only creating a new penalty for a violation of the trade mark provided for in the statute; and, principally, upon the fact that the Act of 1863 contained sections which clearly indicated the legislature did not intend to divest of existing rights in trade marks those who had acquired the right at common law, before the taking effect of the act.

Here the complaint shows that plaintiff's asserted right is claimed to have been acquired subsequent to the adoption of the codes, and neither the Political nor Civil Code imposes any special or additional penalty upon violators of such rights, nor furnishes any remedy for their enforcement unknown to the common law.

Judgment affirmed.

McKEE, J., and ROSS, J., concurred.

Hearing in Bank denied.